UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS C., | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | )    No. 1:22-cv-00019-JAW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|         Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in purporting to adopt, but deviating from, opinions of state agency psychologists in determining his mental residual functional capacity (RFC). *See* Statement of Errors (ECF No. 12) at 9-11. I conclude that the ALJ erred in omitting a limitation to brief interactions with supervisors and coworkers and that the error is not harmless. Accordingly, I recommend that the Commissioner's decision be vacated and the case remanded for proceedings consistent herewith. I need not and do not reach the Plaintiff's remaining points of error.

**I. Background**

The ALJ issued the decision at issue after the Appeals Council vacated his prior decision on the ground that he had "neither specifically evaluated nor adopted" a limitation assessed by two state agency psychologists that he had purportedly found persuasive: that the Plaintiff should be limited to "brief, infrequent interactions with

1

supervisors and coworkers." Record at 254-55; *see also id*. at 162, 198.[1] The Appeals Council noted that a vocational expert (VE) had testified at the Plaintiff's hearing that, "because of social requirements during the work trial period," that limitation "would preclude all work." *Id*. at 254; *see also id*. at 83.

The Appeals Council added that, although the ALJ had assessed social limitations—finding that the Plaintiff "could interact appropriately with coworkers and supervisors" but should avoid work that "requires close coordination or teamwork with coworkers" or "frequent contact with the general public"—those limitations "remain[ed] ambiguously expressed," warranting "[f]urther evaluation and clarification," including "further consideration" of the experts' opinions and the Plaintiff's maximum RFC. *Id*. at 254-55.

Following remand, the ALJ issued a new decision finding, in relevant part, that (1) the Plaintiff retained the RFC to perform light work, as defined by 20 C.F.R. § 416.967(b), except that he needed "to avoid work that by its nature" required, for more than one-third of an eight-hour workday, "a worker to work simultaneously in coordination with one or more coworkers," "a supervisor [to] intervene in the work," or "interaction with the general public," *id*. at 23; (2) a person with the Plaintiff's RFC could perform jobs existing in significant numbers in the national economy, *id*. at 34; and (3) the Plaintiff therefore was not disabled, *id*. at 35. The Appeals Council denied

---

[1] The Appeals Council mistakenly described the psychologists as having limited the Plaintiff to "brief, *superficial* interactions with supervisors and coworkers." *Compare* Record at 254 (emphasis added) *with id*. at 162, 198. Nothing turns on that error.

2

the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

In reassessing the Plaintiff's mental RFC on remand, the ALJ deemed the state agency psychologists' assessments "generally persuasive and consistent with the record as a whole." Record at 31. He explained:

> As to the issue with respect to interacting with others, the subject of the remand, I have limited the [Plaintiff] to work that requires only occasional interaction with coworkers, supervisors, and the general public as outlined in the [RFC]. These limitations are generally concordant with the State agency assessments, limiting the [Plaintiff] to brief, infrequent interactions with supervisors and coworkers. I note that "infrequent" is not defined and therefore decline to adopt this language. The psychological consultants found only moderate

>limitations in interacting with others, whereby my use of occasional, defined in the regulations as one-third, in the [RFC] is concordant with that assessment. The record as a whole, for all of the reasons discussed within this decision, does not support more than moderate mental limitations. Lastly, I note that even if "infrequent" were interpreted as less than occasional, one-sixth of the workday, the [VE] testified that the representative jobs cited in . . . this decision would remain available.

*Id.*

The Plaintiff contends that the ALJ impermissibly judged matters entrusted to experts when he purported to adopt a mental RFC "generally concordant" with the state agency psychologists' finding that the Plaintiff was limited to "brief, infrequent interactions with supervisors and coworkers" but failed to do so. *See* Statement of Errors at 8-9, 9 n.5. Specifically, the Plaintiff asserts that the ALJ improperly used the term "occasional" instead of "infrequent" to define his tolerance for social interactions and failed to make any findings related to the state agency psychologists' use of the word "brief" to describe the recommended duration of those social contacts. *Id.* at 9 & n.5.[2]

The Commissioner counters that the ALJ supportably translated the term "infrequent"—which is undefined in Social Security regulations or policy—to

---

[2] As the Plaintiff suggests, *see* Statement of Errors at 9 & n.5, limitations on the *quantity* of interactions are not interchangeable with those related to their *quality*; the terms "infrequent" and "occasional" both relate to the recommended *regularity* of the Plaintiff's social contacts, but only "brief" pertains to the *duration* of those interactions, *see Cooper v. Comm'r of Soc. Sec.*, No. 2:18-cv-67, 2018 WL 6287996, at *4 (S.D. Ohio Dec. 3, 2018) (rec. dec.), *aff'd*, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019); *see also Cote v. Colvin*, No. 16-cv-57-slc, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (remanding a case where "[t]he ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction").

4

"occasional," meaning one third to two thirds of an eight-hour workday. *See* Opposition at 13-14. She further argues that any error was harmless because, as the ALJ noted, the VE testified that even if the term "infrequent" were interpreted as twice as restrictive as "occasional," the same jobs would remain available. *Id*. at 14. Indeed, she observes, the *Dictionary of Occupational Titles* (*DOT*) rates all three jobs that the VE identified as "not significant" in the category of "people," which this Court has construed as "consistent with limitations to occasional, brief, and superficial contact with coworkers and supervisors." *Id*. at 14 n.4 (cleaned up).

Even assuming that the ALJ's discussion of his handling of the state agency psychologists' term "infrequent" passes muster, the Commissioner offers no response to the Plaintiff's contention that the ALJ erred in failing to include or address the term "brief." *See* Opposition at 11-15. Nonetheless, construing her *DOT* harmless-error argument to encompass that omission, I conclude that the cases she cites for that proposition, *Shatema B. v. Saul* and *Connor v. Colvin, see* Opposition at 14 n.4, are distinguishable.

In *Shatema B*. this Court found no error, and in *Connor* no harmful error, in an ALJ's deviation from an expert's description of a social limitation that the ALJ purported to adopt when the expert's version aligned with the *DOT*'s "People 8" category description of the jobs on which the ALJ relied. *See Shatema B.*, No. 1:19-cv-00566-NT, 2020 WL 4383802, at *4 (D. Me. July 31, 2020) (rec. dec.), *aff'd*, 2020 WL 4757063 (D. Me. Aug. 17, 2020); *Connor*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *3-4 (D. Me. July 16, 2014). Yet, neither case fairly can be read to suggest

5

that the *DOT* trumps relevant VE testimony. The claimant in *Shatema B.* identified no contrary VE testimony, *see Shatema B.*, 2020 WL 4383802, at *3-4, and the claimant in *Connor* relied on VE testimony regarding different limitations than the one she contended was wrongly omitted.[3]

In this case, by contrast, a VE testified that there would be no work for a person with the precise limitation at issue: a "capacity for brief, infrequent interactions with supervisors and coworkers." Record at 83; *see also Joseph R. G. v. Saul*, No. 2:20-cv-00147-DBH, 2021 WL 1087809, at *5-6 (D. Me. Mar. 21, 2021) (rec. dec.) (distinguishing *Shatema B.* and *Connor*, and rejecting argument that the *DOT* people rating rendered an ALJ's error in omitting expert's social limitations harmless, in part on the basis that the VE had testified, "in response to the only hypothetical question that the ALJ posed containing [the omitted] restrictions, that no jobs were available"), *aff'd*, 2021 WL 1286549 (D. Me. Apr. 6, 2021).

Indeed, that testimony was central to the Appeals Council's directive on remand that the ALJ disambiguate and give further consideration to the experts' opinion that the Plaintiff should be limited to "brief, infrequent" social interactions. Record at 254-55. Yet, despite this directive, the ALJ failed to make any findings

---

[3] The claimant in *Connor* argued that the ALJ erred in purporting to give great weight to the opinion of a state agency psychologist but ignoring the psychologist's "restriction against work with the public." *Connor*, 2014 WL 3533466, at *3. However, to demonstrate the harmfulness of the error, she relied on a VE's testimony that "there were no jobs available when the original hypothetical profile was altered to add a ban on public contact, as well as an inability to complete a normal workweek." *Id.* A ban against working with the public is not identical to a ban on public contact, *see id.* at *4; however, more importantly, "an inability to complete a normal workweek" in itself would preclude all work.

6

related to the "brief" restriction. *See id.* at 23-25, 31. He then posed a hypothetical question to the VE at the post-remand hearing solely incorporating the "occasional" limitation and relied on the jobs identified in response as the basis for his finding of nondisability. *See id.* at 34-35, 122-25. I cannot conclude on this record that the ALJ's error was harmless, rendering remand an "empty exercise." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **VACATED**, and the case **REMANDED** for proceedings consistent with this decision.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge